Bosco Kante
465 Canyon Oaks Dr. Apt F
Oakland, CA 94605
Telephone: (323) 481-7372
Email: boscokante@gmail.com
IN PRO PER

**FILED**

AUG 1 1 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BOSCO KANTE
      Plaintiff,
vs.

CREDENCE RESOURCE MANAGEMENT LLC,
      Defendant.

Case No. C17- 4619 WHO

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Bosco Kante ("Kante") hereby files this COMPLAINT against Defendant Credence Resource Management LLC ("Credence" or "Defendant") pursuant to the TCPA

INTRODUCTION

1. Defendant Credence Resource Management LLC ("Credence" or "Defendant") is a large, nationwide debt collection agency. Defendant uses repeated robocalls, pre-recorded voice messages, and auto-dialed calls to threaten and harass consumers in an attempt to collect.

2. On, November 14th, 2012 Road Runner Collection Services received a letter from Plaintiff via Certified Mail 7011 2000 0002 7633 3443 requesting that Road Runner Collection Services validate the alleged debt (File Number 429473 from The Surgery Center of Alta Bates, original amount claimed 1681.07) and requesting that Defendant cease and desist from all telephone communication with Plaintiff. Any prior consent to call Plaintiff alleged to exist by Defendant was revoked by this letter.

3. Plaintiff was at all times the regular user and subscriber to the cellular telephone number 323-481-7372.

4. In July 2017, Defendant repeatedly called Plaintiff Bosco Kante on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or an artificial or prerecorded voice. Plaintiff did not give Defendant prior consent to make these calls. Defendant's calls continued despite Plaintiff's many requests, both verbal and written, for Defendant to stop calling and that all calls at all times were inconvenient.

5. The following chart details two (2) of Defendant's calls to Plaintiff:

| Reference | Date | Time | Number Calling |
|---|---|---|---|
| #1 | 7/24/2017 | 9:56AM | 844-396-4171 |
| #2 | 7/25/2017 | 8:46AM | 844-396-4171 |
|  |  |  |  |
|  |  |  |  |

6. On each of the calls, from the time Plaintiff answered the call to the time

Defendant's pre-recorded message began to play, there was a delay of approximately six seconds. During this delay, Plaintiff said "hello" three times, each time without a response. There was an audible beeping/clicking noise. Upon information and belief Plaintiff believes the defendant used an ATDS to initiate the calls in question.

7. On July 25th, 2017 at 8:48AM, Plaintiff called Defendant at 844-396-4171. On this call, Plaintiff announced he was recording the call. The individual who answered the call announce that they worked for Credence Resource Management, that the purpose of Credence's calls were the collection of $2183.86 and that the original creditor was Alta Bates Surgery Center, with a date of service in 2012.

8. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff on his cellular telephone using an artificial or prerecorded voice without his prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

PARTIES

9. Bosco Kante is a natural person residing in Oakland, Alameda County, California.

10. Defendant Credence Resource Management LLC' principal place of business is located at 17000 Dallas Parkway, Suite 204, Dallas, TX 75248.

11. Defendant is a debt collector as defined by 15 U.S. C. § 1692a.

12. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, representatives and insurers.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statutes, the TCPA. This Court may exercise supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's' claims took place within this District.

15. This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Alameda County.

## FACTUAL ALLEGATIONS

**A. The Telephone Consumer Protection Act Of 1991**

16. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

17. Among other things, the TCPA prohibits "initiat[ing] any telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service without the prior express consent of the called party. . . ."

18. According to findings by the Federal Communications Commission ("FCC"), "The Telephone Consumer Protection Act (TCPA) and [FCC] rules empower consumers to decide which robocalls and text messages they receive, with heightened protection to wireless consumers, for whom robocalls can be costly and particularly intrusive".

19. The FCC has issued rulings clarifying that "autodialed or prerecorded calls, including debt collection calls…require either written or oral consent if made to wireless consumers" (*see 2015 FCC Order, FCC-15-72A1_Rcd, page 12 ¶ 28*)
https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1_Rcd.pdf

20. The FCC has also issued rulings clarifying that "Consumers have a right to revoke consent, using any reasonable method including orally or in writing" (*see 2015 FCC Order, FCC-15-72A1_Rcd, page 7965*)
https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1_Rcd.pdf

**B. The Federal Fair Debt Collection Practices Act ("FDCPA")**

21. The Federal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

22. Among other things, the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt." Violations of 15 U.S.C. §1692 include "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," calling before 8:00 a.m. or after 9:00 p.m., failing to cease communication upon request,

threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

23. The FDCPA, 15 U.S. Code § 1692g(b), also provides that if a consumer notifies a debt collector in writing within thirty-days of the initial communication that a debt is disputed, the debt collector shall cease collection of the debt until verification of the debt is mailed to the consumer.

**C. The Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("The Rosenthal Act")**

24. The Rosenthal Act prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

**D. California's Unfair Competition Law, Business & Profession Code Section 17200, et seq. (the "UCL")**

25. The California Supreme Court has explained that "[a] business practice is unlawful 'if it is forbidden by any law . . . .'" Olszewski v. Scripps Health (2003) 30 C4th 798, 135 CR2d 1. California case law has interpreted the "unlawful" prong of Section 17200 to hold illegal a business practice that violates any other law, treating it as "unlawful" and making it independently actionable under 17200. *Cel-Tech Communications & Cel-Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 C4th 163, 180, 83 CR2d 548.*

26. The UCL also prohibits "unfair" conduct in which the facts show the "unfair" nature of the conduct, and the harm caused by the conduct outweighs any benefits that the

conduct may have[1]. However, an "unfair" UCL claim need not allege that the defendant intended to injure anyone[2].

**E. Defendant's Calls to Plaintiff**

27. Defendant called Plaintiff at least two times on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. Plaintiff did not give Defendant prior express consent to make these calls, and repeatedly requested that Defendant stop calling. Defendant's calls continued despite Plaintiff's requests.

28. Defendant's calls to Plaintiff were made with such frequency as to constitute harassment, and were made with the intent to annoy and harass. For example, in July 2017 Defendant called repeatedly.

29. Prior to the calls at issue in this action, Plaintiff requested that Defendant cease and desist from all telephone communication with Plaintiff. Plaintiff has never consented in writing, or otherwise, to receive autodialed telephone calls or pre-recorded calls from Defendant.

30. Plaintiff legally recorded the following calls after clearly stating to Defendant that each call was being recorded.

| Reference | Date | Time | Number Calling |
|---|---|---|---|
| | | | |

---

[1] (See *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980)).
[2] (See *State Farm*, 45 Cal. App. 4th at 1102 (stating that Section 17200 "imposes strict liability" and that "[i]t is not necessary to show that the defendant intended to injure anyone"))

COMPLAINT TCPA, KANTE V. CREDENCE RESOURCE MANAGEMENT                          Page 7 of 15

| #1 | 7/24/2017 | 9:56AM | 844-396-4171 |
| #2 | 7/25/2017 | 8:46AM | 844-396-4171 |
|    |           |        |              |
|    |           |        |              |

31. 47 U.S.C. § 227(b)(3). "The Federal Communications Commission has interpreted 'willful or knowing' under the Telecommunications Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Tex. v. Am. Blastfax, 755\*755 Inc., 164 F.Supp.2d 892, 899 (W.D.Tex. 2001)*.

32.     The November 15th, 2012 letter Defendant received from Plaintiff via Certified Mail 7011 2000 0002 7633 3443 requesting that Defendant cease and desist from all telephone communication with Plaintiff and that Defendant validate the alleged debt it was trying to collect, put Defendant on notice that it did not have consent to call and means all subsequent violations of the TCPA, FDCPA, and The Rosenthal Act were done willfully and knowingly.

## CAUSES OF ACTION

### FIRST COUNT

Case 3:17-cv-04619-WHO   Document 1   Filed 08/11/17   Page 9 of 15

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA. At least four calls, including but not limited to the above referenced calls #1 - #4, violated the TCPA.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA. At least four calls, including but not limited to the above referenced calls #1 - #4, violated the TCPA.

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff is also entitled to and does seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff is also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint

COMPLAINT TCPA, KANTE V. CREDENCE RESOURCE MANAGEMENT                Page 9 of 15

as if fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA. At least four calls, including but not limited to the above referenced calls #1 - #4, violated the TCPA.

41. As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff is also entitled to and does seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff is also entitled to an award of attorneys' fees and costs.

### THIRD COUNT
### VIOLATIONS OF UCL "UNLAWFUL" PRONG

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. Defendant violated the "unlawful prong" of California's Unfair Competition Law, Business & Profession Code Section 17200, et seq. (the "UCL") by its acts and omissions forbidden by

- THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq. ("TCPA");
- THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, et seq. ("FDCPA"); and

- THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, et seq. ("The Rosenthal Act")

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, et seq.</u>

46. Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq., including but not limited to 15 U.S.C. § 1692d and e.

47. On, November 14th, 2012 Road Runner Collection Services received a letter from Plaintiff via Certified Mail 7011 2000 0002 7633 3443 requesting that Road Runner Collection Services validate the alleged debt (File Number 429473 from The Surgery Center of Alta Bates, original amount claimed 1681.07) it was trying to collect pursuant to 15 U.S. Code § 1692g(b). This letter was mailed within thirty days of the initial communication with Road Runner Collection Services. Defendant failed to provide the requested validation. Defendant failed to cease collection activities, and instead called Plaintiff as described above in an attempt to collect the debt.

48. Defendant violated FDCPA, 15 U.S. Code § 1692g(b), when it failed to provide verification or cease collection of the alleged debt to Alta Bates Surgery Center after receiving written notice from Plaintiff (sent certified mail 7011 2000 0002 7633 3443) within thirty-days of the initial communication that the debt was disputed.

49. Defendant violated FDCPA, 15 U.S. Code § 1692e(14) when it failed to state its true name in the recorded debt collection call on July 24th, 2017 and July 25th, 2017.

50. As a result of Defendant's actions, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, et seq.

VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, et seq.

51. Defendant violated the "unlawful prong" of California's Unfair Competition Law, Business & Profession Code Section 17200, et seq. (the "UCL") by its acts and omissions forbidden by THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, et seq.

52. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

53. Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, et seq. in all of its collection efforts.

54. Defendant willfully and knowingly violated The Rosenthal Act § 1788.11(b) when it called Plaintiffs cellular telephone on March 24, 2014, with the caller ID information hidden thereby concealing its true identity.

55. Defendant willfully and knowingly violated The Rosenthal Act § 1788.11(c) when it called Plaintiff's cellular telephone at least four times causing charges to Plaintiff.

56. Defendant willfully and knowingly violated The Rosenthal Act § 1788.12(a) when it called Plaintiffs cellular telephone on March 13th, 2014 and communicated to Plaintiffs employer. Plaintiff was not in a private setting when he received the call and thus his employer could overhear the communication. Plaintiff announced to Defendant during the call that Plaintiff was not in a private setting. Nonetheless, Defendant continued to communicate to Plaintiff's employer.

57. Defendant willfully and knowingly violated The Rosenthal Act § 1788.13(a) in the recorded debt collection call on July 24th, 2017 and July 25th, 2017 when Defendant failed to communicate with Plaintiff in Defendant's true name "Credence Resource Management LLC" or in the name of the person on whose behalf it was collecting "Alta Bates Surgery Center".

58. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, forbidden by law pursuant to the TCPA, the FDCPA, and The California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

59. Therefore, Plaintiff is entitled to recover damages, reasonable attorney's fees and costs pursuant to California's Unfair Competition Law, Business & Profession Code Section 17200, et seq. (the "UCL").

## FOURTH COUNT
## VIOLATIONS OF UCL "UNFAIR" PRONG

60. Plaintiff incorporates by reference the foregoing paragraphs 1 – 49 of this

Complaint as if fully stated herein.

61. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices. There was no benefit to Plaintiff from these acts. The harm to Plaintiff outweighed any benefits of Defendant's acts and omissions.

62. Therefore, Plaintiff is entitled to recover damages, reasonable attorney's fees and costs pursuant to California's Unfair Competition Law, Business & Profession Code Section 17200, et seq. (the "UCL").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;
c. As a result of Defendant's violations of the TCPA, Plaintiff seeks $500.00 in statutory damages for each and every call that violated the TCPA;
d. An award of damages as permitted by the California's Unfair Competition Law, Business & Profession Code Section 17200, et seq.
e. An award of attorneys' fees and costs to Plaintiff;

f. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 7th, 2017

Bosco Kante, Plaintiff
In Pro Per